fUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAJ THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 05 C 2015 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION & ORDER**

Daj Thomas ("Mr. Thomas") pleaded guilty to several counts in a superseding indictment, including several counts of bank robbery in violation of 18 U.S.C. 2113(a) & (d). The court sentenced Mr. Thomas to a total term of imprisonment of 235 months to be followed by supervised release for a term of four years.[1] The court further sentenced Mr. Thomas to pay $22,085 in restitution. Mr. Thomas did not file a direct appeal and now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence.

On November 14, 2003, Mr. Thomas entered into a written plea agreement that resolved his criminal case. Under the plea agreement, Mr. Thomas agreed to plead guilty to five of the six counts charged in the superseding indictment, all of which related to his involvement in several bank robberies. In exchange for Mr. Thomas's guilty plea, the government agreed to dismiss count six of the superseding indictment, which charged Mr. Thomas with knowingly possessing a handgun in furtherance of and using a handgun

---

[1] The court sentenced Mr. Thomas to a term of imprisonment of 151 months on counts one, four, and five of the superseding indictment, 120 months on count three of the indictment to run concurrently, and 84 months on count two to run consecutively, for a total term of imprisonment of 235 months.

during the robbery in violation of 18 U.S.C. § 924(c)(1)(A).  Count six could have added an additional ten-year term of imprisonment to be served consecutively to the term of imprisonment on the remaining counts.

In addition, the government agreed to request a sentence within the applicable guideline range.  However, the plea agreement further acknowledged that sentencing guidelines calculations are preliminary in nature and based upon the facts known to the government at that time.  It allowed either party to correct errors in calculations or interpretations of the guidelines prior to sentencing.

Finally, Mr. Thomas waived his right to appeal or challenge via collateral attack any sentence or the manner it was determined, so long as the sentence imposed was within the maximum provided by the statutes of conviction.  Mr. Thomas preserved only his right to challenge the involuntariness of his plea or the ineffective assistance of his counsel insofar as it relates directly to the plea agreement or its negotiation.

Before accepting Mr. Thomas's plea, the court conducted a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  At that hearing, the court placed Mr. Thomas under oath and gave him the advice required by Fed. R. Crim. P. 11(b).  Initially, Mr. Thomas represented that he had been given sufficient time to confer with his attorney about the plea.  As the court conducted the plea colloquy, it paused frequently to ask Mr. Thomas if he understood the rights he was relinquishing by pleading guilty.  The court also inquired whether anyone had made any threats or promises to Mr. Thomas and he responded that no threats or promises had been made to secure his plea.  At the conclusion of the colloquy, Mr. Thomas admitted to the factual

basis of his plea provided by the government. The court found that he was competent to enter his plea and that it was voluntarily made and so accepted his guilty plea.

Mr. Thomas now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. Mr. Thomas's memorandum of law in support of his motion is well over 40 pages and not a model of clarity. Throughout the motion, Mr. Thomas suggests that the government failed to produce sufficient evidence to support a verdict against him. For example, Mr. Thomas alleges that the government did not prove the existence of a conspiracy during pre-trial proceedings. (See Memorandum, ECF 3, at 3). Later he suggests that the co-defendants' confessions were coerced by the government. (See id. at 6). He claims that the bank tellers never testified against him. (See id. at 8). He repeatedly claims that government witnesses perjured themselves or made inaccurate identifications. (See id. at 12, 15, 17, 19, 23). Mr. Thomas makes other claims regarding the sufficiency of the evidence. These arguments, however, are all arguments that Mr. Thomas could have presented at trial if he had not pleaded guilty and not arguments that relate to the voluntariness of his plea, which is the hurdle he must clear.

Plea agreements are contracts governed by ordinary contract principals and are generally enforced according to their terms. *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010). Plea agreements are valid if they are made knowingly and voluntarily and if the language of the plea is express and unambiguous. *Id.* A defendant may validly waive both the right to a direct appeal and the right to collateral review under section 2255 as part of a plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A defendant's waiver of the right to collateral review is generally valid except under limited circumstances where the plea agreement was involuntary, the district court

relied on a constitutionally impermissible factor such as race, the sentence exceeded the statutory maximum, or the defendant claims that counsel was ineffective in the negotiation of the plea agreement. *Id.*

In his reply, Mr. Thomas attacks the voluntariness of his plea. Mr. Thomas argues that his plea was not made knowingly or voluntarily for three reasons: (1) that his counsel failed to conduct an inadequate pre-trial investigation, explore potential defenses, or move to suppress inadmissible statements of Mr. Thomas's co-conspirators; (2) Mr. Thomas did not understand the nature of his Fifth and Sixth Amendment rights; and (3) the government failed to abide by the terms of the plea agreement.

None of Mr. Thomas's arguments have merit. Mr. Thomas's first argument relates to counsel's effectiveness in preparing for trial. If the plea agreement (and thus the waiver) is valid, an argument that counsel furnished ineffective assistance in preparing for trial is among the foreclosed theories. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Instead, only a claim of ineffective assistance of counsel that relates directly to the negotiation of the waiver can be raised on a collateral attack. *Id.*; *United States v. Joiner*, 183 F.3d 635, 644-45 (7th Cir. 1999). Mr. Thomas's arguments that counsel failed to conduct an adequate pre-trial investigation, explore potential defenses, or move to suppress inadmissible statements do not relate directly to the negotiation of the plea agreement and cannot serve to demonstrate that his plea was involuntary.[2]

---

[2] Even if the Court were to consider Mr. Thomas's arguments about counsel's pre-plea preparations to relate directly to the negotiation of the plea agreement, during his plea colloquy, Mr. Thomas testified that he was satisfied with his counsel's performance. Representations made to a court during a plea colloquy are presumed to be truthful. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). Mr. Thomas provides the court no explanation why the court should disregard his prior testimony, given under oath.

Mr. Thomas next claims that he did not understand the nature of the rights he was relinquishing when he pleaded guilty and therefore his plea was not made knowingly. Mr. Thomas's argument is belied by the transcript of his plea colloquy. The court conducted a lengthy plea colloquy. During that colloquy, the court explained the nature of the rights Mr. Thomas was relinquishing by pleading guilty, the terms of the plea agreement, the preliminary nature of the guidelines calculations contained within the plea agreement, and the potential sentence Mr. Thomas faced by pleading guilty. In short, the court advised Mr. Thomas of the required factors set forth in Fed. Crim. R. P. 11(b). In addition, the court required the government to provide a factual basis for Mr. Thomas's plea. During Mr. Thomas's plea colloquy, the court repeatedly asked Mr. Thomas if he understood his rights as the court had explained them. Mr. Thomas testified that he did understand those rights. He further testified that he understood: (1) the terms of the plea agreement, including the rights he was waiving; and (2) the nature of the charges against him, including the potential sentence and the manner in which the court would determine the sentence to impose. Finally, Mr. Thomas admitted to the factual basis for his plea that the government had proffered.

Substantial compliance with the requirements of Federal Rule of Criminal Procedure 11 ensures that a plea is made knowingly and voluntarily. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2002); *United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003). Representations made at a plea colloquy are made "under oath and are given a 'presumption of verity.'" *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quoting *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995)); *see also United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). The court provided the

advice required by Rule 11, and Mr. Thomas offers no explanation why the court should disregard the answers he provided under oath during his plea colloquy in favor of the argument he presents here. The court declines to credit Mr. Thomas's self-serving claim that the answers he provided under oath during his plea colloquy were untruthful. *See United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over . . . later claims [that defendant would not have pleaded guilty].)"

Finally, Mr. Thomas claims his plea was not made voluntarily because the government failed to comply with the plea agreement and thereby deceived him into entering it. Mr. Thomas complains that the government should have argued at sentencing that Mr. Thomas's Criminal History Category should have remained at IV as set forth in the plea agreement instead of being set at VI as determined in the Pre-Sentence Report ("PSR"). The court, however, advised Mr. Thomas during his plea colloquy that the calculations in the plea agreement were preliminary and that the PSR could recommend changes to those calculations. The court further advised Mr. Thomas that the only thing the government promised to do was to refrain from asking for a sentence outside the guideline range. Mr. Thomas stated that he understood the preliminary nature of the sentencing guidelines calculations in the plea agreement and admits in his motion that the government did not argue for a sentence outside of the guideline range. Mr. Thomas's argument that the government did not abide by the terms of the plea agreement is simply inaccurate.

Mr. Thomas produces no evidence that his plea was not made voluntarily or knowingly. Instead, he simply seeks to retract his guilty plea. Guilty pleas, however, are

not rough drafts. A defendant unhappy with the resulting sentence may not later contradict the statements he made under oath to have another bite at the apple. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

The Court DENIES Mr. Thomas's motion for a writ of *habeas corpus*. Pursuant to 28 U.S.C. § 2253, the court must determine whether to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The court may issue such a certificate only if the applicant has made a substantial showing of the denial of a constitutional claim. 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Mr. Thomas offers no evidence that his plea was made involuntarily and no reasonable jurist could debate the resolution of his motion. The court therefore declines to issue a certificate of appealability.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 18, 2012